# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JIMMY ZAVALA,

       Plaintiff,

v.

CO ASELSON,
CAPTAIN PRIMMER,
WARDEN GARY BOUGHTON,
and JOHN DOE,

       Defendants.

Case No. 17-CV-982-DEJ-JPS

**ORDER**

  On July 18, 2017, plaintiff Jimmy Zavala, a Wisconsin state prisoner who is representing himself, filed a complaint alleging that his civil rights had been violated. (Docket #1). This case is currently assigned to U.S. Magistrate Judge David E. Jones. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was referred to a U.S. District Court Judge for the limited purpose of screening the complaint. The case will be returned to Magistrate Judge Jones after entry of this order.

  The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee. On July 28, 2017, Judge Jones assessed an initial partial filing fee of $24.30. (Docket #8.) Plaintiff paid that fee on August 7, 2017. The Court will grant Plaintiff's motion to proceed without prepayment of the full

filing fee. (Docket #2). He is required to pay the remainder of the filing fee over time in the manner explained at the end of this order.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of

action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was working in the prison laundry department when Defendant CO Aselson began to harass him by making

racial comments. (Docket #1 at 1.) Plaintiff states that he was ignoring Aselson, but, after Aselson called his name, Plaintiff turned to look at him. *Id*. Aselson then threw a roll of balled-up tape, which hit Plaintiff in the face. *Id.* Plaintiff alleges that his face immediately swelled up and the wound later became infected. *Id*. Plaintiff asserts that he has been prescribed medication for the wound and that he has experienced significant pain as a result of the injury. *Id*. at 2.

Plaintiff asserts that he told staff what happened, but they did not do anything. *Id.* at 1. He continued to work in the same area as Aselson. *Id.* About five days after the incident, Plaintiff told Defendant Captain Primmer about the incident via a request slip. *Id.* The next day, Primmer and Captain Gardner (who is not a defendant) removed Plaintiff from his job pending an investigation into the alleged misconduct. *Id.*

About three weeks later, Primmer told Plaintiff he could return to work; they had concluded the investigation. *Id.* Primmer assured Plaintiff that he could assume nothing like that would happen again. *Id.* Plaintiff asked Primmer to keep the video footage so he could get a copy, but Primmer told him there was no need for that because Aselson admitted to the misconduct. *Id.* Plaintiff states that Defendant John Doe destroyed the video footage, even though he asked Primmer to preserve it. *Id.* at 2.

Plaintiff alleges that defendant Warden Gary Boughton had an obligation to protect him, yet he allowed Plaintiff to be placed back in the same workspace as Aselson even though Aselson admitted to the misconduct. *Id.* Plaintiff also alleges that Primmer retaliated against him for making the complaint by forcing him to work with Aselson after the incident.

Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, supervisors such as Warden Boughton will not be held liable for the misconduct of those they oversee. Supervisors will be liable only if they are personally involved in or responsible for the violation of a plaintiff's civil rights. Here, there is no allegation that Warden Boughton even knew about the incident, let alone that he was personally involved in or responsible for it. As such, Plaintiff fails to state a claim against him.

To state an excessive force claim under the Eighth Amendment, a plaintiff must allege that a prison official applied force "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). The Court will allow Plaintiff to proceed against Aselson on an excessive force claim based on his allegations that he threw balled-up tape at Plaintiff's face for no reason and with sufficient force to cause significant injury.

To state a First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in an activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff fails to allege that he suffered a deprivation at the hands of Primmer that would likely deter First Amendment activity in the future, so he may not proceed on this claim. Plaintiff alleges that Primmer forced

him to continue to work alongside Aselson as a way of retaliating against Plaintiff for making a complaint. This theory fails, however, for a couple of reasons. First, if Plaintiff had *not* made the complaint, he still would have had to work alongside Aselson because no one would have known about the misconduct. In other words, Plaintiff did not suffer a deprivation as a result of making the complaint—Primmer merely maintained the status quo.

Second, according to Plaintiff, Primmer informed him that Aselson had admitted to the alleged misconduct, and he assured him that it would not happen again. Thus, Primmer investigated Plaintiff's claim and handled the situation such that he was comfortable assuring Plaintiff that he was safe because Aselson would not engage in similar misconduct in the future. Given that Primmer took sufficient steps to address Aselson's alleged misconduct, Plaintiff did not suffer a deprivation by having to continue to work alongside Aselson.

Finally, the Court will not allow Plaintiff to proceed against John Doe based on his allegations that John Doe destroyed video footage of the alleged incident despite Plaintiff asking Primmer to preserve it. Plaintiff does not have a constitutional right to the preservation of evidence. That said, at the appropriate time (*i.e.*, after some discovery), Plaintiff may be able to seek the imposition of sanctions for spoliation of evidence. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008); *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002). Further development of the record is necessary before the Court can make that determination.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants Captain Primmer, Warden Gary Boughton, and John Doe be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendant CO Aselson;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant CO Aselson shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $325.70 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If Plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties; and

**IT IS FURTHER ORDERED** that the Clerk's Office return this case to Magistrate Judge David E. Jones for further proceedings.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 25th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge