UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JIMMY ZAVALA,

        Plaintiff,

v.                             Case No. 17-cv-982-pp

RICHARD ASLESON,

        Defendant.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 19), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 26) AND DISMISSING CASE**

---

      The plaintiff, who is representing himself, filed this lawsuit under 42 U.S.C. §1983. Dkt. No. 1. The court allowed the plaintiff to proceed on a claim that the defendant used excessive force in violation of the Eighth Amendment when he allegedly threw balled-up tape at the plaintiff's face with enough force to cause significant injury. Dkt. No. 9.

      The parties filed cross-motions for summary judgment, dkt. nos. 19, 26, which are fully briefed. The court will deny the plaintiff's motion, grant the defendant's motion, and dismiss this case.

**I.    RELEVANT FACTS**

      The plaintiff, a Wisconsin state prisoner, was housed at the Wisconsin Secure Program Facility (WSPF) during the events at issue in this case. Dkt. No. 36 at ¶1. The defendant is a correctional officer at WSPF, and on March 16, 2017, was supervising the inmates working in the WSPF laundry department.

1

Id. at ¶2; Dkt. No. 31 at ¶1. The plaintiff was working folding clothes. Dkt. No. 31 at ¶1.

According to the plaintiff, the defendant was "walking around the room horse playing saying racial comments" when "out of nowhere [the defendant] called [the plaintiff's] name and when he turned around [the defendant] had thrown a roll of tape in a ball which hit [the plaintiff] in the face which instantly sw[e]lled up." Dkt. No. 34 at ¶6. The defendant, on the other hand, states that he was trying to "toss a crumpled piece of paper into a waste basket that was approximately 6 feet away from where he was standing." Dkt. No. 28 at ¶6. The defendant indicates that the waste basket was "several feet" behind the plaintiff's work station. Id. The defendant explains that he missed the waste basket, and "accidentally hit [the plaintiff] in the shoulder/neck area. Id. at ¶7.

The defendant says that he immediately apologized to the plaintiff, who acknowledged the apology and did not say anything or react in any way to indicate he was hurt or upset. Id. at ¶¶8-9. The defendant explains that, based on the plaintiff's response, he didn't think it was an issue, so he didn't document the incident or write a report. Id. at ¶10.

The plaintiff disputes that the defendant apologized. Dkt. No. 34 at ¶8. He disputes that he did not react in any way; the plaintiff says that he told staff what had happened, but they didn't do anything. Id. at ¶9. The plaintiff disagrees with the defendant's contention that the incident "wasn't an issue," indicating that the plaintiff believes the defendant did it intentionally, so the defendant "would have known." Id. at ¶10.

2

On March 22, 2017—six days after the incident in the laundry room—the plaintiff submitted an interview/information request. Dkt. No. 30-1 at 24-25. In this request, he complained that the defendant "pitched a fastball of paper to [his] face," in violation of institution rules. Id. at 24. The request did not say anything about the defendant making "racial comments." Another staff member informed the defendant that the plaintiff had complained about the incident, dkt. no. 28 at ¶12, so the defendant wrote up an incident report, dkt. no. 28 at ¶13; dkt. no. 30-1 at 26-27. In that incident report, the defendant explained that he'd been trying to toss the crumpled paper into a trash can and had accidentally hit the plaintiff. Id. at 27.

The institution staff followed up with an investigation, and interviewed the plaintiff. Dkt. No. 30-1 at 7-8. At the interview, the plaintiff told the investigators that the defendant had "crumbled up" the paper and "just chucked it" at the plaintiff's face. Id. at 7. The plaintiff also told the investigators that he wasn't injured, but that "it hurt." Id. at 8. He stated that he had not sought medical attention. He also said that he had waited a week to report the incident. Id. The plaintiff did not say anything to the investigators about the defendant making "racial comments."

It is not clear whether the plaintiff disputes that he told the investigators these things. He claims at summary judgment, however, that he was "forced to go to the health service" because of the incident, that he " had an infection in his cheek which was swollen," that he was given medication, and that "to this day" he was still having problems and was in pain. Dkt. No. 34 at ¶¶16-17.

3

None of the other four inmates whom the investigators interviewed saw the incident, dkt. no. 30-1 at 9-16, although one of them recalled that the defendant apologized "right away," and opined that the defendant had not hit the plaintiff on purpose, dkt. no. 30-1 at 15.

Prison staff notified the defendant that after concluding the investigation, the "Appointing Authority" had decided not to take any formal disciplinary action against him "regarding allegations of intent to harm [the plaintiff] when [the defendant] threw paper away." Id. at 1.

On April 17, 2017, the plaintiff sent the warden a letter, alleging that the defendant had intentionally hit him in the face with a ball of paper. Dkt. No. 30-1 at 17. The plaintiff complained to the warden that although he'd informed security about the incident, the defendant hadn't been disciplined. Id. On April 27, 2017, the plaintiff filed a formal inmate complaint, again alleging that the defendant had intentionally hit him on the face with a "hard ball of paper" while he was folding clothes. Id. at 10. The next day, the inmate complaint examiner recommended dismissal, noting that there already had been an investigation. Id. at 2. The warden dismissed the complaint. Id. at 3. On May 5, 2017, the plaintiff appealed the dismissal of the complaint, this time alleging that the defendant had hit him on the face "with a heavy paper balled with masking tape." Id. at 13. The complaint examiner recommended dismissal, id. at 5, and the Secretary accepted that recommendation, id. at 6, 8.

## II. DISCUSSION

A party is entitled to summary judgment if he shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005). For the purposes of deciding the parties' cross-motion, the court resolves all factual disputes and make all reasonable factual inferences in favor of the non-moving party. Springer v. Durflinger, 518 F.3d 479, 483-84 (7th Cir. 2008).

The court begins by noting that it allowed the plaintiff to proceed on one claim against one defendant. In the August 24, 2017 screening order, the court allowed the plaintiff to proceed on a claim that defendant Aselson used excessive force against him, in violation of the Eighth Amendment. Dkt. No. 9 at 5. The defendant spent two pages of his brief arguing that the plaintiff had not exhausted his remedies on his claims of "racial animus." Dkt. No. 27 at 3-5. The court will not address these arguments, because the court did not allow the plaintiff to proceed on any such claim.

As to the plaintiff's excessive force claim, a prison official violates an inmate's rights under the Eighth Amendment are violated by the "unnecessary and wanton infliction of pain." Lewis v. Downey, 581 F.3d 467, 475 (7th Cir. 2009). Not every "malevolent touch" by a prison official, however, gives rise to a constitutional claim. Id. The Seventh Circuit Court of Appeals has explained

5

that "[t]he use of *de minimis* force, so long as it 'is not of a sort repugnant to the conscience of mankind,' is not of Eighth Amendment concern." Id. (citing Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)). "Even if an officer's use of force serves no good-faith disciplinary purpose, the force may be so 'de minimis' that it does not violate the Eighth Amendment." Hendrickson v. Cooper, 589 F.3d 887, 890 (7th Cir. 2009) (citations omitted). When evaluating whether force was *de minimis*, courts look to the pain caused by the force, not the resulting injury. Lewis, 581 F.3d at 475 (citations omitted).

The plaintiff's allegations about what happened in the laundry room last March have evolved over time. A week after the incident happened, he complained to institution staff that the defendant had thrown balled-up paper at his face. He continued to complain about the balled-up, or "crumbled," paper in several other complaints. Almost two months after the incident, however, in his May 5, 2017 appeal of the dismissal of his inmate complaint, the plaintiff claimed for the first time that what the defendant had thrown at him was "heavy paper balled with masking tape." By the time the plaintiff signed his §1983 complaint on July 17, 2017, the plaintiff was claiming that the defendant had "thrown a roll of tape in a ball" and hit him in the face. Dkt. No. 1 at 1, ¶4.

*This* was the claim that the court reviewed in the screening order—the claim that the defendant had thrown a "roll of tape" at the plaintiff's face. The court could imagine that if a person were to deliberately throw, with force, a *roll* of tape at another person's face, that might constitute the wanton and

6

unnecessary infliction of pain. Now, however, having reviewed all of the plaintiff's prior statements about the incident, it appears to the court that the plaintiff has embellished the facts as time has gone on. His original complaints to the institution were that the defendant had violated the institution rule that prohibited horseplay, by hitting him in the face with a balled-up piece of paper. In his April 2017 inmate complaint and his May 2017 appeal, the plaintiff included affidavits, sworn under penalty of perjury, attesting that the defendant threw a "ball of paper" at him. Dkt. No. 30-2 at 12, 15-16. He told the investigators during their investigatory interview that he did not seek medical attention and he was not injured. Dkt. No. 36, ¶16-17. Now, in federal court, he has alleged that the defendant subjected him to excessive force by deliberately throwing a roll of tape at him, which injured him so badly that he had to go to health services for treatment and is still suffering today. The plaintiff cannot have it both ways. He is stuck with his prior sworn statements that the defendant threw balled-up paper.

The defendant has asserted, since the incident occurred, that it was an accident—he was trying to toss a crumpled piece of paper into a trash can, missed, and hit the plaintiff. The plaintiff insists that the defendant threw the paper at his face on purpose. While this is certainly a factual "dispute," it is not a dispute as to an issue of material fact, which is what is required for a plaintiff to survive summary judgment. Even if the court were to credit the plaintiff's claim that the defendant intentionally threw a balled-up piece of paper at the plaintiff's face, such force is *de minimis*, is not "repugnant to the conscience of

7

mankind" and does not violate the Eighth Amendment. See, e.g., Phiffer v. Grams, No. 09-cv-286, 2009 WL 1969531, at *1 (W.D. Wis. July 8, 2009) (throwing a roll of toilet paper at an inmate failed to state a claim); Baker v. Reitz, No. 1:cv-12-1452, 2012 WL 6055591, at *2 (M.D. Pa. Dec. 6, 2012) (throwing a rolled-up grievance form at an inmate failed to state a claim).

Even if there are factual disputes between the parties, and even if the court accepts the plaintiff's (original) version of events as true, the plaintiff is not entitled to judgment as a matter of law. The defendant is entitled to summary judgment; the plaintiff is not.

Section 1915A of the Prisoner Litigation Reform Act requires courts to "screen" complaints to identify cognizable claims, and to dismiss the complaint if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A. If a court determines that a complaint should be dismissed in its entirety at the screening stage, the court issues a "strike" against the prisoner. Section 1915(g) prohibits a prisoner from bringing a civil action without prepaying the full filing fee if the prisoner has incurred three strikes. 28 U.S.C. §1915(g).

Nothing in §1915(g) limits courts to issuing strikes only at the screening stage. That section states that a prisoner incurs a strike if the prisoner has "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." A case that is dismissed on summary judgment because it alleges a frivolous cause of action, therefore, may earn the

8

plaintiff a strike. See Blakely v. Wards, 738 F.3d 607, 613 (4th Cir. 2013) ("It would subvert the PLRA's very purpose to prevent cases dismissed on summary judgment from counting as strikes even when those cases were expressly deemed frivolous, malicious, or failing to state a claim.").

The issue this court must consider is not whether the plaintiff filed this lawsuit in order to harass the defendants, or whether he filed it in an attempt to coerce the defendants into giving him things that many people who aren't in prison don't have. Rather, the court must consider whether, regardless of the plaintiff's motive, his complaint states a non-frivolous claim upon which relief may be granted. The court finds that the plaintiff's complaint stated a frivolous claim. The plaintiff got hit in the face with a wadded-up piece of paper, by accident. If he had told this court that in his complaint, it would not have gotten past screening. His after-the-fact claim that he was hit with a roll of tape, and injured, is not credible, and the court questions whether the plaintiff made the claim in good faith.

The court is granting the defendant's motion for summary judgment, and denying the plaintiff's, because the plaintiff has not stated a legal claim for relief, and because the court finds his claim frivolous. Under 28 U.S.C. §1915(g), the court will assess a strike against the plaintiff.

## III. CONCLUSION

The court **ORDERS** that the plaintiff's motion for summary judgment is **DENIED**. Dkt. No. 19.

9

The court **ORDERS** that the defendant's motion for summary judgment is **GRANTED.** Dkt. No. 26.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim and is frivolous. The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g), and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 28th day of June, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**